SAMADNI GOLDSON, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 33, 2008.
Supreme Court of Delaware.
Submitted: June 4, 2008.
Decided: June 30, 2008.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices

ORDER
RANDY J. HOLLAND Justice.
This 30th day of June 2008, upon consideration of the appellant's opening brief pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) The defendant-appellant, Samadni Goldson, was found guilty by a Superior Court jury of Possession With Intent to Deliver Marijuana. He was sentenced to five years of Level V incarceration, to be suspended after six months for eighteen months at Level III probation. This is Goldson's direct appeal.
(2) Goldson's counsel on appeal has filed a brief and a motion to withdraw pursuant to Rule 26(c). Goldson's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Goldson's attorney informed Goldson of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Goldson also was informed of his right to supplement his attorney's presentation. Goldson has not raised any issues for this Court's consideration. The State has responded to the position taken by Goldson's counsel and has moved to affirm the judgment of the Superior Court.
(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]
(4) This Court has reviewed the record carefully and has concluded that Goldson's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Goldson's counsel has made a conscientious effort to examine the record and the law and has properly determined that Goldson could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).